The Honorable Lisa Ferrell State Representative 702 North Van Buren Little Rock, Arkansas 72205-3660
Dear Representative Ferrell:
This is in response to your request for an opinion concerning Act 989 of 1997 and the Child Abuse/Rape/Domestic Violence Commission. Specifically, you have presented the following question:
 What responsibility does a State Commission have to fulfill requirements placed upon it by legislative enactment when no appropriation accompanied the enactment, and the Commission does not have sufficient staff, budget or other resources with which to accomplish the requirements?
Initially, it must be stated that this office does not have the authority to conclusively determine whether a commission has fulfilled the requirements placed upon it by legislative enactment or whether a commission was provided sufficient funding to accomplish such requirements. The answers to such questions will necessarily entail factual determinations, which are outside the scope of an Attorney General opinion. That being said, it is my opinion that it would be unreasonable to conclude that a greater duty has been delegated than that which the General Assembly provided the means to fulfill.
It should also be stated that a specific appropriation is an absolute prerequisite for the expenditure of funds out of the state treasury. SeeDirector of Bureau of Legislative Research v. Mackrell, 212 Ark. 40,204 S.W.2d 893 (1947). Article 5, § 29, of the Arkansas Constitution provides in part:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents[.]
Similarly, Article 16, § 12, of the Arkansas Constitution provides that "[n]o money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation." See also A.C.A. § 19-2-104 (Repl. 1994). In Mackrell,supra, the court concluded that the State Board of Fiscal Control did not have the authority to pay expenses for the Bureau of Legislative Research. The court noted that Act 192 of 1947 established a Bureau of Legislative Research; however, there was no appropriation by the General Assembly to cover the salaries of the Director and the employees provided for in the Act. Thus, even though the legislature created the Bureau and specified the salary of the Director, the court stated that a specific appropriation was expressly required.
Again, whether a commission has fulfilled the requirements placed upon it by legislative enactment and whether a commission was provided sufficient funding to accomplish such requirements involve questions of fact, which are not properly within the scope of an opinion from this office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh